## Carter Coal Company v. Filipeck.

## Carter Coal Company v. Duhl.

(Decided March 22, 1918.)

### Appeals from Knox Circuit Court.

1.  Master and Servant—Safe Place to Work—Injury to Employe in Mine—Assurances of Boss.—A miner who is an entire stranger to the mine, and to the methods employed therein, has the right to rely upon the assurances of the mine boss of the safety of the place in which he was first put to work by the boss, the danger not being apparent or discoverable by observation alone, since under such circumstances the employe would have the right to rely upon the statements of the superior officer.

2.  Master and Servant—Safe Place to Work—Personal Injury—Mines —Verdict.—Plaintiff applied to defendant for work in the latter's mine; he was put to work by the mine foreman at a place which the latter stated was safe.   The plaintiff was a stranger to the mine, had never worked in it before, and, relying upon the statements of the foreman, he went to work loading coal, and within less than an hour he was injured from falling slate.   Held, that under such circumstances a verdict in favor of plaintiff returned by a properly instructed jury will not be set aside because plain-

tiff failed to test the roof and went to work under the assurances of the foreman as to its condition.

BLACK & OWENS for appellant.

GOLDEN & LAY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing first appeal and affirming judgment in the other.

Appellees and plaintiffs below, Joe Filipeck and Mike Duhl, with a companion, applied to the appellant (defendant below) on March 5, 1915, for work in its coal mine at Trosper, Kentucky. They were employed and immediately put to work loading coal taken from a room neck which was being driven from the main entry into the mine. A considerable amount of coal was down at the place, ready to be loaded into the cars, and which had been shot earlier that morning or late the evening before. The three commenced work between eight and eight-thirty A. M., and had loaded two cars and were loading a third one, when a piece of slate about eight feet long, four or five feet wide, and several inches thick, fell from the roof severely injuring the two plaintiffs, and each of them brought their separate suits seeking to recover damages of the defendant coal company and joining with it the superintendent of the mine and the mine foreman or boss. The two cases were tried together, and Filipeck obtained a verdict and judgment for $400.00, while Duhl recovered $600.00, and to reverse those judgments the defendant, Carter Coal Company, prosecutes these appeals under the orders of the trial court granting them by filing the transcript of the record in this court.

It is alleged in the petitions that plaintiffs were not furnished with a reasonably safe place in which to perform their work, and that they were directed to perform the work in which they were engaged when injured by the mine foreman who assured them that the place was safe. A denial, a plea of contributory negligence, assumed risk, and other usual pleas in such cases were contained in the answer.

Upon the trial the two plaintiffs and their companion, who, it seems, was not injured, testified that the mine boss when he first took them into the mine offered to give them work in the air course, but because that was supposed to be a dangerous place they declined to work there and the boss then told them to go to work at the

place where the injury occurred, since it was perfectly safe, and others who had been working there left that place to make room for the three to work. The danger, though real, was not apparent, and they accepted and relied upon the statement of the mine boss as to its condition, and for that reason they did not make soundings of the roof in order to test it. Plaintiffs had been engaged in mining for several years, but not in this state, and they had been in defendant's mine only about one hour before receiving their injuries.

The testimony given by plaintiffs and their witnesses concerning the statements of the mine boss touching the safety of the place was denied by him and two other witnesses who testified for the defendants, but the court submitted the issue under the instructions of which no complaint is made on this appeal, and the jury returned the verdicts mentioned. No instruction was offered for the defendants, except a peremptory one, which, from the statement of the evidence we have given, was properly refused. We have carefully examined the instructions given by the court, and we think they submitted every issue in the case presented by the pleadings, or in support of which any testimony was heard.

It is insisted that plaintiffs disobeyed the orders of the foreman by working at loading the coal without removing the slate, but this contention is based upon the testimony given by the mine foreman and defendant's other witnesses, and ignores entirely that given by the plaintiffs and their witnesses. It is also insisted that it was the custom at the mine for such loaders as plaintiffs were to remove the slate from the places where they were loading coal, but we do not find such a custom established by the evidence introduced, and besides, it might be waived by the superior officers in charge of the mine, and if plaintiffs be correct it was waived in this instance by the mine boss in assuring plaintiffs that the place was safe, and this feature of the case also answers the objection that plaintiffs chose a dangerous rather than a safe place in which to perform their work, and it also answers the complaint that plaintiffs failed to examine the slate to see whether or not it was safe.

As stated, neither of the plaintiffs had ever worked in that mine. They were wholly unfamiliar with the conditions and formations, and under the circumstances we think they had the right to rely upon the assurance given them by the mine boss as testified to by them, and found

to be true by the verdict of the jury. This view of the case renders it unnecessary to consider the authorities referred to in brief of appellant's counsel, for they apply to an entirely different state of facts.

The plaintiffs were each quite severely injured. Filipeck's leg was broken below the knee in more than one place, and he is permanently crippled. Duhl sustained either a dislocation or fracture of the hip joint, and that leg is now two inches or more shorter than the other one. The amount of the verdict is extremely moderate in view of the .extent of the injuries sustained.

No appeal has been prayed in this court from the judgment in favor of Filipeck, and since it is for less than $500.00, the appeal in that case is dismissed, but the judgment in favor of Duhl is affirmed.